UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES COLLITON,

                Plaintiff,

-against-

HON. CHRISTIE D'ALESSIO; DUTCHESS COUNTY SUP. CT.,

                Defendants.

22-CV-7200 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action asserting claims arising from his suit in state court. Plaintiff alleges that Justice Christie D'Alessio of the Supreme Court of the State of New York, Dutchess County, transferred Plaintiff's suit to the Poughkeepsie City Court, among other reasons, due to disability discrimination. The Court therefore liberally construes Plaintiff's complaint as arising under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132 *et seq*., and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

    By order dated August 31, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff James Colliton alleges the following facts in his complaint. Credit Corp. Solutions, Inc. (Credit Corp.) is a purchaser of defaulted consumer debt. It brings "dozens if not hundreds" of suits each year in the Poughkeepsie City Court in Dutchess County. (ECF 2 at 2.) Both the New York State Supreme Court, Dutchess County, and the Poughkeepsie City Court permit suits seeking damages of up to $5,000. (*Id.*) According to Plaintiff, the fees in the two

2

courts differ: in the Supreme Court, the fees are $45.00 for a motion, and $95.00 for a Request for Judicial Intervention (RJI), whereas "the Poughkeepsie City Court charges only a $20 fee." (*Id.* at 4.)

Even though Credit Corp. regularly brings suits in Poughkeepsie City Court, its suit against Plaintiff was filed in the Supreme Court. Plaintiff answered the complaint on December 14, 2021, and filed a counterclaim against Credit Corp. Plaintiff does not indicate whether he served Credit Corp. with his counterclaim or how service was effected. Credit Corp. never responded to Plaintiff's counterclaim, and on June 3, 2022, Plaintiff "filed a motion for summary judgment based on default." (*Id.* at 3.)

Credit Corp. did not respond to Plaintiff's motion for summary judgment, and Plaintiff called the Supreme Court where the action was pending. On an unspecified date, Plaintiff spoke to a clerk and told her that any communication to him must be by mail, as he is disabled and does not use a computer. (*Id.* at 4.)

By order dated July 8, 2022, the Honorable Christie D'Alessio issued an order transferring the action to the Poughkeepsie City Court, without having ruled on Plaintiff's motion for default. Plaintiff argues that this was improper, or at least gives an appearance of impropriety, because the Supreme Court frequently grants default judgments to their "good client customer" Credit Corp., but when he "paid $140 [for a motion and RJI,] he got booted to the $20 court." (*Id.* at 6.)

Plaintiff contends that the clerk was aware of Plaintiff's disability before Justice D'Alessio issued the transfer order, and that "discrimination on the basis of disability is the sole explanation for such violative conduct." (*Id.*)

3

Plaintiff brings suit against the Supreme Court of the State of New York, Dutchess County (sued herein as Dutchess Sup. Ct.), and Justice D'Alessio. Plaintiff seeks damages, the return of his $140 in fees paid to the state court, and "recognition by a Federal Court that a state judge" cannot treat him differently from its "good client" Credit Corp. (*Id.* at 7.)

## DISCUSSION

A.     **Judicial Immunity**

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, section 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff sues Justice D'Alessio for his judicial act in transferring the suit, including Plaintiff's counterclaim against Credit Corp., to the Poughkeepsie City Court. Plaintiff fails to allege any facts showing that Justice D'Alessio acted beyond the scope of his judicial

4

responsibilities or outside his jurisdiction. *See Mireles*, 509 U.S. at 11-12. Because Plaintiff sues Justice D'Alessio for "acts arising out of, or related to, individual cases before him," he is immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against Justice D'Alessio because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii).[1]

**B.      Supreme Court of the State of New York, Dutchess County**

Plaintiff suggests that he suffered discrimination in the state court because of his disability. The Court construes these allegations as asserting claims under Title II of the ADA and under Section 504 of the Rehabilitation Act. Title II of the ADA prohibits a "public entity" from discriminating against a "qualified individual with a disability" on account of that individual's disability. *See Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 208 (1998) (citing 42 U.S.C. § 12131.) To state a claim under Title II of the ADA, a plaintiff must allege "that (1) he or she is a qualified individual with a disability; (2) that the defendants are subject to the ADA; and (3) that plaintiff was denied the opportunity to participate in or benefit from defendants' services, programs, or activities or was otherwise discriminated against by defendants, by reason of plaintiff's disabilities." *Shomo v. City of New York*, 579 F.3d 176, 185 (2d Cir. 2009); *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003).

Section 504 of the Rehabilitation Act, which also prohibits disability discrimination, imposes requirements nearly identical to those in Title II of the ADA. *See Henrietta D.*, 331 F.3d at 272. To state a claim under the Rehabilitation Act, a plaintiff must allege that he "(1) is a

---

[1] For Plaintiff's benefit, the Court also notes that lower federal courts cannot review the decisions of a state court. Within the federal judicial system, only the United States Supreme Court may review state court decisions. *See Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009) (citing 28 U.S.C. § 1257).

'handicapped person' as defined by the Rehabilitation Act, (2) is 'otherwise qualified' to participate in the offered activity or benefit; (3) was excluded from such participation solely by reason of h[is] handicap; and (4) was denied participation in a program that receives federal funds." *Biondo v. Kaledia Health*, 935 F.3d 68, 73 (2d Cir. 2019) (quoting *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 275 (2d Cir. 2009)); *see also Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 112 (2d Cir. 2001) ("[A] showing of discriminatory animus or ill will based on disability is necessary to recover damages under Title II in a private action against a state").

Plaintiff alleges that, after he filed a motion for entry of a default judgment on his counterclaim against Credit Corp., Justice D'Alessio transferred the action (including Plaintiff's counterclaim) to the Poughkeepsie City Court. The transfer order issued in July 2022, subsequent to Plaintiff's telephone conversation with a court clerk, on an unknown date, in which Plaintiff indicated that he required communication by mail due to his disability and resulting inability to use a computer. Plaintiff's allegations are insufficient to give rise to a plausible inference that discrimination based on disability played any role in the state court's issuance of a transfer order, without having ruled on his motion for a default judgment. Plaintiff's allegations indicate that Poughkeepsie City Court, to which the suit was transferred, had jurisdiction to hear the suit. There is no apparent nexus between Plaintiff's phone conversation with the clerk and the judge's issuance of the transfer order. Moreover, Plaintiff's allegation that disability discrimination is the "sole explanation" for issuance of the transfer order (ECF 2 at 6) shows that he has no factual basis for making this leap of logic. Because Plaintiff's allegations show that there are no facts

plausibly suggesting discrimination based on disability, he fails to state a claim under the ADA or the Rehabilitation Act.[2]

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[2] In *Garcia v. State Univ. of N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98 (2d Cir. 2001), the Second Circuit held that "it is clear that the Congress fully intended to abrogate state sovereign immunity" for claims seeking damages from the state under Title II of the ADA but that the purported abrogation was invalid, because it exceeded Congress's authority under Section 5 of the Fourteenth Amendment to enforce the Equal Protection Clause. Thereafter, the U.S. Supreme Court clarified that "insofar as Title II creates a private cause of action for damages against the States for conduct that actually violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." *United States v. Georgia*, 546 U.S. 151, 159 (2006). The Second Circuit has since recognized that "[c]ontinued uncertainty as to the vitality of *Garcia* has led to a divergence in the approaches adopted by district courts in this Circuit in their assessment of Congress's abrogation of sovereign immunity under Title II," but the Circuit expressed "no position" as to the issue. *Dean v. University at Buffalo School of Medicine and Biomedical Sciences*, 804 F.3d 178, 194-95 (2d Cir. 2015). Here, because the Court concludes that Plaintiff fails to state a claim under Title II of the ADA, it need not address the issue. *See Id.* at 193 (holding that "[b]ecause the district court found [plaintiff] failed to establish a *prima facie* case of discrimination [under Title II], it did not have occasion to address whether the Eleventh Amendment prohibits [his] money damages claims").

The Clerk of Court is directed to enter judgment.

SO ORDERED.

Dated: September 6, 2022
       New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge